UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
ABDUL BAYBURY,

                              Plaintiff,

            -against-

THE CITY OF NEW YORK, ARRESTING OFFICER SERGEANT CHARLES BARHOLD (SHIELD #1293/TAX ID# 947981), JOHN DOES #1-8,

                              Defendants.
------------------------------------------------------------------------ x

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

22-cv-01089-MKB-SJB

      Plaintiff **ABDUL BAYBURY,** by his attorneys **NAPOLI SHKOLNIK, PLLC** complaining of Defendants respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff **ABDUL BAYBURY** seeks relief for Defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and of rights secured by the Amendments to the United States Constitution, including but not limited to, the First, Fourth and Fourteenth Amendments and of rights secured under the laws and Constitution of the State of New York. Plaintiff seeks damages, compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems equitable and just.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, and the First, Fourth and Fourteenth Amendments to the United States Constitution.

3. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant County of Suffolk is located within, and the events occurred within, the boundaries of the Eastern District of New York.

## NOTICE OF CLAIM

4. Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the Suffolk County Attorney's Office. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff was at all relevant times a resident of County of Kings, and State of New York.

7. The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

8. Arresting Officer Sergeant Charles Barhold (Shield #1293/TAX ID# 947981), and John Does #1-8 were, at all times here relevant, police officers of the NYPD, and as such were acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, defendants Barhold John Does #1-8 were involved in the arrest and prosecution of Plaintiff and/or failed to intervene in the actions of his fellow officers. Defendants Barhold and John Does #1-8 are sued in their individual capacities.

9. John Does #1-8 are individual NYPD officers involved in the arrest and prosecution of Plaintiff whose names are not presently in Plaintiff's possession.

10. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11. On or about July 27, 2016 Plaintiff lawfully purchased a used 2003 grey Dodge Ram truck motor vehicle through Exotic Auto Group in Harlem, New York.

12. As a result of the purchase, Mr. Baybury received a title, the registration, other necessary paperwork and "temporary plate", directly from the dealer and the dealer taped the temporary plate to the back window.

13. Mr. Baybury made a concerted effort to obtain insurance on countless occasions but due to timing constraints, needed to request a second temporary plate from the dealer because his first set was about to expire.

14. On or about August 29, 2016, the dealer issued Mr. Baybury a second temporary plate while Mr. Baybury was awaiting his insurance to be activated.

15. May Baybury attached the second temporary plate to his vehicle on or about August 29, 2016 where it remained until the date of this incident.

16. The temporary plate issued on or about August 29, 2016 indicated that it was valid through September 17, 2016.

17. The second temporary license plate was at all relevant times affixed to the Plaintiff's vehicle in a manner making it visible from the outside the vehicle.

18. On September 13, 2016, Plaintiff was lawfully operating his vehicle near the corner of 104th Street and Rockaway Boulevard in Queens, New York.

19. At approximately 9:45 pm Plaintiff was stopped by Defendants **BARHOLD** and **OFFICERS DOE** near the corner of 104th Street and Rockaway Boulevard in Queens, New York.

20. Defendants approached Mr. Baybury and demanded he open the back door to his vehicle.

21. Defendants opened the back door and ripped the temporary tag off of the window of Mr. Baybury's vehicle.

22. Defendants accused Mr. Baybury of driving with "fraudulent" or "forged" temporary license plate on his newly purchased vehicle.

23. Mr. Baybury explained that he was driving with his temporary plate properly obtained from the dealership where he purchased the vehicle.

24. Nevertheless, defendants arrested Mr. Baybury.

25. Defendants transported Mr. Baybury to a police precinct and held him there for several hours.

26. Mr. Baybury was eventually brought to Court for an arraignment.

27. At approximately 11 pm on September 14, 2016 Plaintiff was arraigned and charged with possession of a forged instrument in the second degree.

28. Following arraignment Plaintiff was released on his own recognizance.

29. On or about September 25, 2016, Mr. Angelo Ruggiero identified himself as the Owner/Salesperson of Exotic Auto Group in a signed letter (hereinafter, the "Angelo Ruggiero letter") and stated that Mr. Baybury purchased a 2003 Dodge Ram on or about July 27, 2016 and along with the car, purchased a temporary E-Tag.

30. On or about October 5, 2016, Mr. Baybury submitted the "Angelo Ruggiero letter" as well as other documents, which he obtained directly from the dealer to demonstrate his acquisition and ownership of the vehicle.

31. At the time of this incident, plaintiff was serving a term of parole under the supervision of the New York State Department of Correction and Community Supervision.

32. As a result of the false allegations made by defendants, Plaintiff's parole was revoked.

33. On or about November 8, 2016 Plaintiff was retaken into custody regarding an alleged parole violation stemming from the allegations made by defendants.

34. A parole hearing was scheduled multiple times regarding the violation. Defendant Barhold was notified to appear at these hearings, yet failed to present himself on each occasion.

35. On November 23, 2016, the parole hearing officer requested a cancelation of Mr. Baybury's delinquency and a lift of the parole warrant.

36. On November 28, 2016 the Parole Board approved the cancelation of Mr. Baybury's delinquency and a lift of the parole warrant.

37. On December 1, 2016 the warrant was lifted.

38. On or about December 1, 2016 Mr. Baybury was released from prison, however criminal charges against him remained pending.

39. Criminal charges against the Plaintiff were finally dismissed on December 1, 2020.

40. Defendants Barhold and John Does #1-8 participated in the prosecution of plaintiff by drafting arrest paperwork, recommending charges be brought against Plaintiff, communicating with members of the District Attorney's office and/or the Division of Parole, and/or forwarding the police and arrest paperwork related to plaintiff's arrest to the assigned prosecutor and/or parole officer.

41. Defendants Barhold and John Does #1-8 presented false information to the prosecutor by alleging plaintiff committed various acts which they were aware he had not committed.

42. Specifically Defendants Barhold and John Does #1-8 falsely accused Plaintiff of possessing a forged document on September 13, 2016.

## DAMAGES

43. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution;

    b. Loss of liberty;

    c. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, anxiety;

    d. Economic loss.

## FIRST CAUSE OF ACTION
42 U.S.C. § 1983 – Malicious Prosecution
(Against the Individual Defendants)

44. The above paragraphs are here incorporated by reference.

45. Defendants Barhold and John Doe #1-8 have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to Plaintiff under 42 USC § 1983.

46. Defendants Barhold and John Doe #1-8 maliciously prosecuted Plaintiff and subjected Plaintiff to wrongful initiation of criminal charges without probable cause to believe any crime had been committed.

47. Defendants' conduct deprived Plaintiff of his right to be free of unreasonable searches and seizures, thereby violating his rights under the Fourth and Fourteenth Amendment of the United States Constitution.

48. Defendants were aware of the illegal actions of their fellow officers and failed to intervene to prevent the violation of Plaintiff's rights.

49. Plaintiff was damaged by defendant's conduct.

### SECOND CAUSE OF ACTION
42 U.S.C. § 1983 – Fabrication of Evidence
(Against the Individual Defendants)

50. The above paragraphs are here incorporated by reference.

51. Defendants Barhold and John Doe #1-8 have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to Plaintiff under 42 USC § 1983.

52. Defendants Barhold and John Doe #1-8 fabricated evidence against Plaintiff by falsely alleging that Plaintiff possessed a forged and/or fraudulent vehicle license plate.

53. The defendants' false allegations were likely to influence a jury's verdict in a criminal case against Plaintiff and/or a parole hearing officers' decision in a violation hearing.

54. Defendants forwarded the false information to prosecutors and parole officers knowing it would be used to prosecute Plaintiff.

55. The Plaintiff suffered a deprivation of life, liberty, or property as a result of the false allegations made against him.

56. Plaintiff was damaged by defendant's conduct.

## THIRD CAUSE OF ACTION
Malicious Prosecution Under New York State Law
(Against the Individual Defendants)

57. The above paragraphs are here incorporated by reference.

58. Defendants, acting with malice, initiated a prosecution against plaintiff and caused him to be prosecuted.

59. Defendants did not have probable cause to initiate this proceeding.

60. The criminal proceedings were terminated in plaintiffs' favor.

61. As a result of the malicious prosecution implemented by defendants, plaintiff was damaged

## FOURTH CAUSE OF ACTION
Respondeat Superior
(Against the City of New York)

62. The above paragraphs are here incorporated by reference.

63. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

64. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, Plaintiff was damaged.

65. The City of New York is responsible for the tortious conduct of its employees in this matter by reason of respondeat superior.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all Defendants:

(A) an order granting Plaintiff compensatory damages in an amount to be determined at trial by Jury;

(B) an order awarding punitive damages against the individual Defendants in an amount to be determined at trial;

(C) an order awarding Plaintiff reasonable attorneys' fees together with costs and disbursements, pursuant to 42 U.S.C. § 1988; and

(D) an order awarding such other further relief as the Court may deem just and proper.

Dated: New York, New York
September 1, 2022

Respectfully submitted,

**NAPOLI SHKOLNIK, PLLC**

**By: Nicholas Mindicino, Esq.**
*Attorney for Plaintiff*
360 Lexington Avenue, Suite 1102
New York, New York 10017
(212) 397-1000