UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ABDUL BAYBURY,

                           Plaintiff,                    **REPORT AND**
                                                               **RECOMMENDATION**
       -against-                                 22-CV-1089-MKB-SJB

CITY OF NEW YORK, CHARLES BARHOLD, and
JOHN DOES #1–8,

                           Defendants.
-----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

      On March 1, 2022, Plaintiff Abdul Baybury ("Baybury") brought this action against the City of New York (the "City"), Sergeant Charles Barhold, shield number 1293, and eight unnamed John Does (collectively, "Defendants"). Baybury alleges that on September 13, 2016, he was falsely arrested and was deprived of certain other rights and privileges during an altercation with officers and during his detention, allegedly in violation of 42 U.S.C.§ 1983. (Compl. dated Mar. 1, 2022 ("Compl."), Dkt. No. 1).[1]

      On July 6, 2023, the Court granted Plaintiff's counsel's motion to withdraw. (Minute Entry and Order dated July 6, 2023 ("July 6 Order")). The Court directed Baybury to obtain new counsel by August 21, 2023, and if he did not, then to inform the Court by September 5, 2023, of his intention to prosecute the case *pro se*. (*Id.*). Efforts to contact Baybury since then have been futile. Baybury also failed to appear for several status conferences, failed to respond to the Court's order to show cause requiring him to explain his failure to appear, and has been unresponsive to efforts to ascertain other information.

---

[1] While still represented by counsel, Plaintiff filed an Amended Complaint on September 14, 2022. (Am. Compl. dated Sept. 14, 2022 ("Am. Compl."), Dkt. No. 18).

For these reasons and those described below, the Court recommends that Baybury's claims be dismissed with prejudice for: (1) failure to abide by court orders, and (2) failure to prosecute.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Baybury filed the Complaint on March 1, 2022, asserting claims of malicious prosecution, fabrication of evidence, and *respondeat superior* liability against the City. (Compl.). At the time, he was represented by counsel. Defendants filed an answer, (Answer dated July 11, 2022, Dkt. No. 12), and the Court held an initial conference on August 11, 2022, (Minute Entry dated Aug. 11, 2022). After the Court issued an Order to Show Cause regarding the timeliness of Baybury's lawsuit, (Order to Show Cause dated Aug. 11, 2022), Baybury filed an Amended Complaint, (Am. Compl.).

Discovery proceeded for several months until just before the deadline for the close of fact discovery, when Baybury's counsel filed a motion to withdraw as counsel. (Mot. to Withdraw dated May 31, 2023, Dkt. No. 22). Counsel cited a "breakdown in the attorney/client relationship and fundamental irreconcilable differences regarding the litigation of this matter." (*Id.* at 1). The Court scheduled a hearing on the motion to withdraw for July 5, 2023, and directed Baybury to attend. (Order dated June 15, 2023). However, Baybury failed to appear at the hearing, despite being served with notice of the hearing. (July 6 Order). Counsel's motion to withdraw was granted, and Baybury was directed to obtain new counsel by August 21, 2023, and if he did not, then to inform the Court by September 5, 2023, of his intent to prosecute the case *pro se*. (*Id.*). Baybury failed to appear at the next scheduled status conference on November 1, 2023, and the Court directed him to explain why he had failed to appear. (Order to Show Cause dated Nov. 2, 2023). And at this point, Baybury's mailings began returning

as undeliverable. (*E.g.*, Mail Returned as Undeliverable dated Nov. 28, 2023, Dkt. No. 31). Baybury never provided the Court with an updated mailing address. Baybury again failed to appear at a status conference on January 23, 2024, and the Court again directed him to explain why he had failed to appear. (Order to Show Cause dated Jan. 23, 2024). He did not respond to either of the Court's orders, and he has not appeared in the case at all since his counsel withdrew on July 6, 2023.

## DISCUSSION

I. Dismissal with Prejudice Under Rules 16(f) and 37(b)

The Court recommends that Baybury's claims be dismissed with prejudice because he failed to comply with multiple court orders and failed to appear at several status conferences. "A court has the inherent power to supervise and control its own proceedings and to sanction counsel or a litigant . . . for disobeying the court's orders [.]" *Mickle v. Morin*, 297 F.3d 114, 125 (2d Cir. 2002). "The imposition of sanctions pursuant to Rule 37 (and . . . Rule 16(f)) is a matter committed to the sound discretion of the District Court." *Neufeld v. Neufeld*, 172 F.R.D. 115, 118 (S.D.N.Y. 1997). The purpose of such sanctions, including dismissal, is "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49–50 (2d Cir. 1994) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

A court may sanction a party for failing to appear—either at a court conference or as the Court directs. Rule 16(f)(1)(A) of the Federal Rules of Civil Procedure provides that a "court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party . . . fails to appear at a scheduling or other pretrial

conference." Fed. R. Civ. P. 16(f)(1)(A). A court also has the ability to sanction a party for failing to abide by any of its orders. Fed. R. Civ. P. 16(f)(1)(C) (permitting sanctions where party "fails to obey a scheduling or other pretrial order"); *Martin v. Giordano*, 185 F. Supp. 3d 339, 354 (E.D.N.Y. 2016) ("When a party or its attorney engages in conduct proscribed by Rule 16(f), the court may issue any just orders." (quotations omitted)); *Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc.*, 301 F.R.D. 31, 35 (S.D.N.Y. 2014) ("Rule 37(b)(2)(A)(ii)–(vii), which Rule 16(f) references, sets forth a non-exclusive list of sanctions a court may impose against a party for failing to comply with a court order," including dismissal). "The court need not find that a party or litigant acted in bad faith as a prerequisite to imposing sanctions under Rule 16(f); [r]ather, the fact that a party violated a pretrial order is sufficient to allow a Rule 16 sanction." *Giordano*, 185 F. Supp. 3d at 354 (quotations omitted).

Here, Baybury failed to comply with several court orders and failed to appear at status conferences. First, he failed to provide the Court with updated information about his intention to prosecute the case after his prior counsel withdrew. (July 6 Order). Next, Baybury failed to appear at two status conferences. After Baybury's counsel withdrew, the Court scheduled a status conference for November 1, 2023. (Scheduling Order dated Sept. 20, 2023). Baybury did not appear. The Court then scheduled another status conference for January 23, 2024. (Re-Scheduling Order dated Jan. 8, 2024). Baybury failed to appear at that conference as well. Finally, Baybury failed to comply with the Court's two orders following the status conference. (Order to Show Cause dated Nov. 2, 2023; Order to Show Cause dated Jan. 23, 2024). The Court ordered Baybury to explain why he failed to appear—he did not do so. The Court also ordered Baybury to provide updated contact information—he did not do so.

These repeated failures warrant sanctions under both Rule 16(f)(1)(A) (failure to appear at a scheduling or other pretrial conference) and 16(f)(1)(C) (failure to obey a scheduling or other pretrial order). *See, e.g.*, *Johnson v. New York City*, No. 14-CV-4278, 2015 WL 12999661, at \*1 (E.D.N.Y. Jan. 12, 2015) (recommending dismissal under Rules 16(f) and 37(b)(2)(A)(v) for lateness and failure to appear at two court-ordered conferences), *report and recommendation adopted*, 2015 WL 12990999 (Feb. 2, 2015), *aff'd*, 646 F. App'x 106 (2d Cir. 2016).

The sanctions for such misconduct—whether it be a failure to appear or abide by a court order—include dismissal. *See* Fed. R. Civ. P. 16(f) (adopting the sanctions authorized by Rule 37(b)(2)(A)(v)); *see* Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment ("Rule 16(f) incorporates portions of Rule 37(b)(2), which prescribes sanctions for failing to make discovery."); *Fonar Corp. v. Magnetic Plus, Inc.*, 175 F.R.D. 53, 55 (S.D.N.Y. 1997) (collecting cases) ("[T]he standards to be applied in imposing sanctions under Rule 16 are identical to the familiar standards contained in Rule 37."). Such a dismissal may be with prejudice. *See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) ("[A]ll litigants . . . have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice." (citations and quotations omitted)). "[D]ismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the non-compliant litigant." *Id.* (quotations omitted).

The Court considers several factors in determining whether to impose a sanction of dismissal with prejudice: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of

noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Id.* (quotations omitted); *accord S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010). "[T]hese factors are not exclusive, and they need not each be resolved against" the non-compliant party for dismissal to be appropriate. *S. New Eng. Tel. Co.*, 624 F.3d at 144. Ultimately, the Court must conclude under all of the circumstances whether dismissal would be "just." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007). "[T]he district court 'is free to consider the full record in the case'" in making this determination. *In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, 308 F.R.D. 113, 120 (S.D.N.Y. 2015) (quoting *S. New England Tel. Co.*, 624 F.3d at 144). The balance of factors here justifies the dismissal with prejudice of Baybury's claims.

    A. <u>Willfulness</u>

Noncompliance is willful where the party has received notice of a court's orders and repeatedly failed to comply. *See Coach Inc. v. O'Brien*, No. 10-CV-6071, 2011 WL 6122265, at *3 (S.D.N.Y. Nov. 28, 2011) ("The Court deems the noncompliance willful given that these orders were mailed directly to [defendant's] address, and yet she repeatedly failed to comply."), *report and recommendation adopted and modified on other grounds*, 2012 WL 1255276 (Apr. 13, 2012). "[T]his factor as formulated by the Second Circuit is not just willfulness, but the willfulness of the non-compliant party or the reason for non-compliance. . . . [T]he Second Circuit's inclusion of the latter phrase recognizes that dismissal may be warranted even in the absence of such open defiance." *Jin Fang Luo v. Panarium Kissena Inc.*, No. 15-CV-3642, 2019 WL 360099, at *5 (E.D.N.Y. Jan. 11, 2019) (quotations omitted), *report and recommendation adopted*, 2019 WL 356939 (Jan. 29, 2019).

Baybury failed to comply with three court orders and failed to appear at two status conferences. (July 6 Order; Order to Show Cause dated Nov. 2, 2023; Order to Show Cause dated Jan. 23, 2024). Most of these failures stem from Baybury's failure to update the Court about his new contact information. While copies of some orders were returned as undeliverable, the order dated July 7, 2023, which directed Baybury to update the Court on his intent to prosecute, was not. (*See* July 6 Order; Aff. of Service dated July 10, 2023, Dkt. No. 27). In light of this notice and Baybury's understanding that he should keep the Court apprised of his contact information, Baybury was aware of the obligations to abide by the Court's orders, and his failure to comply is willful. *See, e.g.*, *Lopa v. Safeguard Props. Mgmt., LLC*, No. 14-CV-3193, 2018 WL 3104456, at *8 (E.D.N.Y. May 16, 2018) ("Having received these multiple notices, Rosemarie Lopa had other options besides appearing or responding as directed. She could have written to the Court seeking an adjournment or extension of time to respond; or retained counsel, as she had previously done, to appear or respond on her behalf. Having done none of these things and having failed to appear or respond personally, the only conclusion to be drawn is that her disregard of the Court's orders was willful."), *report and recommendation adopted*, 2018 WL 3019875 (June 18, 2018), *and* 2018 WL 3094940 (June 22, 2018); *Coach Inc.*, 2011 WL 6122265, at *3 ("The Court deems noncompliance willful given that these orders were mailed directly to [defendant's] address, and yet she repeatedly failed to comply.").

B. <u>Efficacy of Lesser Sanctions</u>

A sanction less than dismissal would not be effective in this case. When it is apparent a plaintiff has abandoned the action, "[t]he Court need not afford [him] unlimited opportunities to appear," and "[n]o lesser sanction than dismissal is

appropriate under these circumstances." *Bey v. Gursky*, No. 17-CV-6447, 2018 WL 1611665, at *2 (E.D.N.Y. Mar. 15, 2018), *report and recommendation adopted*, 2018 WL 1611377 (Apr. 3, 2018).

The record suggests no reason to believe that a lesser sanction, such as a monetary fine or a sanction short of dismissal, would encourage Baybury to reengage in this litigation, especially given his repeated failure to abide by prior court orders and the warnings that his case could be dismissed should he fail to comply. His failure to communicate with the Court and to provide it with updated contact information make any additional efforts by the Court to communicate with him futile. At this point, given the multiple opportunities afforded to Baybury to participate in the case, the Court has no reason to believe any sanction other than dismissal is appropriate. *See, e.g.*, *Dungan v. Donahue*, No. 12-CV-5139, 2014 WL 2941240, at *4 (E.D.N.Y. June 30, 2014) (adopting report and recommendation) (dismissing case for failure to abide by court orders and noting "in light of plaintiff's ongoing unresponsiveness to the Court, no sanctions other than dismissal would be effective. The record presents no reason to believe that a monetary fine or other sanction short of dismissal would inspire in plaintiff the dedication to this litigation that he currently lacks . . . . This case therefore presents an example of extreme circumstances warranting the harsh remedy of dismissal[.]"); *Gordon v. Peralta*, No. 10-CV-5148, 2012 WL 2530578, at *2 (E.D.N.Y. June 11, 2012) (dismissing case for failure to abide by court orders and noting "the Court has tried the lesser sanction of . . . warning [plaintiff] of possible dismissal to no avail. Requiring defendant's counsel to appear again or imposing lesser sanctions on plaintiff would be futile at this juncture." (citations and quotations omitted)), *report and recommendation adopted*, 2012 WL 2530106 (June 29, 2012).

C. Duration

The duration of Baybury's noncompliance warrants dismissal. "[D]urations of time as brief as a few months have been held to weigh in favor of dispositive sanctions." *Loc. Union No. 40 of the Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers v. Car-Win Constr.*, 88 F. Supp. 3d 250, 265 (S.D.N.Y. 2015) (collecting cases) (adopting report and recommendation). "[P]eriods of six months or more weigh even more heavily toward such remedies." *Id.* at 266 (collecting cases).

Baybury has failed to comply with court orders since July 6, 2023, beginning with his failure to appear at the hearing on his counsel's motion to withdraw. (July 6 Order). This extended period of non-compliance is sufficient to warrant dismissal. *See, e.g.*, *Agiwal*, 555 F.3d at 303 (affirming dismissal sanction where disregard of magistrate judge's orders spanned approximately six months); *Rodriguez v. Oak Room*, No. 12-CV-2921, 2012 WL 5305551, at *2 (S.D.N.Y. Oct. 23, 2012) (dismissing after period of non-compliance of "more than five months").

D. Notice

Baybury has received sufficient notice to justify dismissal of his claims. "[T]he Second Circuit has repeatedly upheld dismissal as an appropriate sanction where the non-compliant parties were warned of the possibility." *Loc. Union No. 40*, 88 F. Supp. 3d at 266 (quotations omitted).

Baybury was warned three times that failure to comply with court orders could result in dismissal. (*See* July 6 Order ("Mr. Baybury must inform the Court by 9/5/2023 of his intention to prosecute this action. Should he not indicate his intent to prosecute by that date, the Court will recommend dismissal of this action." (emphasis omitted)); Order to Show Cause dated Nov. 2, 2023 ("Should Mr. Baybury fail to

respond to the Court, the Court may dismiss this case pursuant Rules 37 and 41."); Order to Show Cause dated Jan. 23, 2024 (same)).  The fact that two of these orders, when mailed to Baybury by the Court and by Defendants' counsel, were returned as undeliverable does not excuse Baybury.  *Pro se* litigants are "obligated to notify the Court of any change of their address."  *Aponte v. Hobot*, No. 06-CV-555, 2007 WL 9723264, at *2 (E.D.N.Y. Oct. 10, 2007), *report and recommendation adopted*, 2007 WL 9723265 (Nov. 19, 2007); *Gordon*, 2012 WL 2530578, at *2 ("[I]t is plaintiff's obligation to notify the Court of any change in address.").

In light of Baybury's obligation to update the Court of his contact information, and the orders requiring him to respond to the Court or risk dismissal, the notice provided to Baybury is sufficient to permit dismissal.  *See, e.g.*, *Fairchild v. Hankins*, No. CV 18-21, 2019 WL 1474781, at *3 (E.D. Ky. Feb. 15, 2019) ("Although the mailing of the Court's Order was returned on November 28, 2018 as undeliverable and therefore Plaintiff did not receive this warning, such result was the product of Plaintiff's own further failure to update his address information[.]" (citation omitted)), *report and recommendation adopted*, 2019 WL 1473426 (Apr. 3, 2019); *Islam v. Athlete's Needs, Inc.*, No. 18-CV-1562, 2018 WL 5781228, at *1 (E.D.N.Y. Sept. 5, 2018) (finding the warning adequate to justify dismissal when order was sent to plaintiff and never returned as undelivered), *report and recommendation adopted*, 2018 WL 5777020 (Nov. 1, 2018); *Martin v. Metro. Museum of Art*, 158 F.R.D. 289, 292–93 (S.D.N.Y. 1994) (adopting report and recommendation) (finding it "clear," after one warning by the court, that "plaintiff received adequate notice that his failure [to comply with a court order] would result in dismissal").

All four factors discussed above, therefore, warrant dismissal with prejudice of Baybury's claims, pursuant to Rule 37(b)(2)(A)(v), for his violations of Rules 16(f)(1)(A) and 16(f)(1)(C).

II.  <u>Dismissal with Prejudice for Failure to Prosecute</u>

There is a separate basis to dismiss Baybury's claims—his failure to prosecute his case. Rule 41(b) provides that an action or claim may be dismissed "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order," Fed. R. Civ. P. 41(b). "Rule 41(b) gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). "A dismissal for failure to prosecute is committed to the court's sound discretion," and such a dismissal may be with prejudice. *Jin Fang Luo*, 2019 WL 360099, at *2; *see, e.g.*, *Kaur v. Royal Arcadia Palace, Inc.*, No. 05-CV-4725, 2007 WL 4276837, at *3 (E.D.N.Y. Nov. 30, 2007) (adopting report and recommendation) (dismissing plaintiff's claims with prejudice under Rule 41(b)).

Courts in this Circuit consider five factors when deciding whether to grant a defendant's motion to dismiss under Rule 41(b) for failure to prosecute:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jin Fang Luo*, 2019 WL 360099, at *2 (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)); *see also Lopa v. Safeguard Props. Mgmt., LLC*, No. 14-CV-3324, 2018 WL 3019875, at *1 (E.D.N.Y. June 18, 2018) (adopting report and recommendation). These factors overlap with many of the factors under a

Rule 37(b) dismissal.  "Because of the substantial overlap between the factors commonly used to decide whether to dismiss an action under Rule 41(b) and under Rule 37(b)(2)(A), [there is] no need to repeat [the] discussion of redundant factors in detail."  *Dungan*, 2014 WL 2941240, at *6.  The Court therefore proceeds to discuss only the third and fourth factors in this analysis.  *See Lopa*, 2018 WL 3019875, at *2 (dismissing claims under Rules 16(f) and 37 and addressing the third and fourth factors of the Rule 41 analysis for the sake of completeness).

As to the third factor—prejudice to defendants—courts have found dismissal appropriate "when a party has become completely inaccessible, as inaccessibility strongly suggests that [plaintiff] is not diligently pursuing [his] claim."  *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (quotations omitted).  "Where a plaintiff has become inaccessible for months at a time, courts presume prejudice."  *Id.*; *see, e.g.*, *Dong v. United States*, No. 02-CV-7751, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) ("[T]he very fact that Dong has been inaccessible for the last two months—without notifying the Court, the Government, or the Pro Se Office of a change of address—strongly suggests that he is not diligently pursuing this claim.  Dong's totally unexplained disappearance is manifestly unreasonable and therefore presumptively prejudices the Government." (citations omitted)).

Baybury's repeated failures to comply with court orders since July 2023 and his failure to attend the status conferences on November 2, 2023, and January 23, 2024 has presumptively prejudiced Defendants.  Defendants have been under the specter of liability for over two years.  Evidence is likely stale, and Defendants have had no ability—because of Baybury's prolonged absence—of deposing Baybury or otherwise challenging or investigating his allegations.  Defendants have also wasted their time by

appearing at two scheduled status conferences before the Court, which were adjourned due to Baybury's failure to appear. (Order to Show Cause dated Nov. 2, 2023; Order to Show Cause dated Jan. 23, 2024). At this point, the prejudice from the pending litigation is substantial and justifies dismissal. *See, e.g.*, *Lopa*, 2018 WL 3019875, at *2 ("Defendants' inability to collect information that would enable them to determine the viability of potential defenses and/or arrive at a view as to their potential exposure would certainly prejudice them."); *Schwed v. Gen. Elec. Co.*, 193 F.R.D. 70, 72 (N.D.N.Y. 2000) ("Because plaintiffs' chronic inaction has interfered with defendant's attempt to prepare its case, and because further delay will exacerbate these hardships, the Court concludes that defendant will indeed be prejudiced by further delay.").

As to the fourth factor—balance of interests—the Court must consider a plaintiff's due process interests against its own interest in managing the docket. *Dungan*, 2014 WL 2941240, at *6. "In deciding this factor, the Court must strike a 'balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard.' The efficient administration of justice requires that a court effectively manage its docket, guaranteeing that its cases progress with appropriate speed." *Langdell v. Hofmann*, No. 05-CV-174, 2006 WL 3813599, at *4 (D. Vt. Dec. 27, 2006) (quoting *Drake*, 375 F.3d at 257) (citations omitted). The Court has repeatedly invested its time in attempting to contact Baybury and proceed forward with this case. The course of conduct—or the lack thereof—in prosecuting the case weighs in favor of dismissal. *See, e.g.*, *Dungan*, 2014 WL 2941240, at *6 ("[B]alancing the Court's interest in managing its docket against plaintiff's interest in receiving a fair chance to be heard militates in favor of dismissal. It is not the duty of the Court . . . to contact plaintiffs and to urge or require them to prosecute this action. By abandoning any effort to prosecute his case, plaintiff has

demonstrated that he has no interest in being heard." (citations and quotations omitted)); *see also Aponte*, 2007 WL 9723264, at *2 ("[I]ncarceration does not relieve [plaintiff] of his obligation to notify the Court of his whereabouts, nor does incarceration relieve a *pro se* litigant of the duty to prosecute his case."); *Langdell*, 2006 WL 3813599, at *5 ("Because Langdell has made no effort over the last year to prosecute his case, it is unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket." (citations omitted)).

Therefore, in addition to dismissal under Rules 16(f) and 37(b)(2)(A)(v), Baybury's claims should be dismissed with prejudice for failure to prosecute under Rule 41(b).

## CONCLUSION

For the reasons stated above, the Court respectfully recommends that Baybury's claims be dismissed with prejudice for failure to abide by court orders and failure to prosecute.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report. Failure to file objections within the specified time may waive the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[] [judge's] report operates as a waiver of any further judicial review of the magistrate[] [judge's] decision." (quotations omitted)).

Defendants shall serve a copy of this Report and Recommendation on Baybury at his last known address, and to any other electronic contact information known to it, and file proof of such service on the docket by April 30, 2024.

SO ORDERED.

<u>/s/ *Sanket J. Bulsara* April 23, 2024</u>
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York