UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

ABDUL BAYBURY,

                        Plaintiff,                      **ORDER**
                                                                      22-CV-1089 (MKB) (SJB)

          v.

CITY OF NEW YORK, CHARLES BARHOLD, and
JOHN AND JANE DOES 1–8,

                        Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Abdul Baybury commenced the above-captioned action on March 1, 2022 against Defendants the City of New York (the "City"), Charles Barhold, and John and Jane Does 1–8. (Compl., Docket Entry No. 1.) On September 14, 2022, Plaintiff filed an Amended Complaint alleging section 1983 claims of malicious prosecution and fabrication of evidence, and state law claims of malicious prosecution against the individual officers and that the City was liable under *respondeat superior*.[1] (Am. Compl., Docket Entry No. 18.) On September 28, 2022, Defendants filed their Answer to the Amended Complaint. (Answer, Docket Entry No. 19.)

---

[1] In the original Complaint, Plaintiff also alleged claims that he was falsely arrested and imprisoned, deprived of his Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983 during his arrest and detention, subject to negligent and intentional infliction of emotional distress, excessive force and unconstitutional conditions of confinement, and substantive and procedural due process violations of the Fourteenth Amendment, that the officers violated their duty to safeguard the public and that the City was responsible for negligently training, hiring, and supervising the officers that arrested and detained him, for enforcing allegedly unconstitutional policies, and for failing to intervene as to the officers' dereliction of their duty to safeguard the public. (Compl.) Plaintiff did not replead any of these claims in the Amended Complaint.

On April 23, 2024, Magistrate Judge Sanket J. Bulsara issued a report and recommendation recommending that the Court dismiss this action for failure to abide by court orders and failure to prosecute (the "R&R"). (R&R, Docket Entry No. 34.) For the reasons set forth below, the Court adopts the R&R and dismisses this action for failure to abide by court orders and failure to prosecute.

I. **Procedural background**

On May 31, 2023, counsel for Plaintiff, Napoli Shkolnik PLLC ("Counsel") filed a letter moving to withdraw from its representation of Plaintiff, (Mot. to Withdraw, Docket Entry No. 22), and on June 14, 2023, filed a revised motion with additional detail, (Rev. Mot. to Withdraw, Docket Entry No. 23; Mem. in Supp. of Rev. Mot. to Withdraw ("Counsel Mem."), Docket Entry No. 23-1). Counsel stated that there had been a "breakdown in the attorney/client relationship and fundamental irreconcilable differences regarding the litigation of this matter," and that Plaintiff had "expressed a desire to seek new counsel, though none ha[d] yet appeared on his behalf." (Counsel Mem. 3–4.)

On July 6, 2023, Judge Bulsara held a hearing on the motion to withdraw, which Plaintiff did not attend. (*See* Min. Entry & Order dated July 6, 2023.) At the hearing, Judge Bulsara granted the motion to withdraw and directed Plaintiff to obtain new counsel, should he choose to do so, by August 21, 2023, and to inform the Court whether he intended to prosecute the action by September 5, 2023 (the "July 2023 Order"). (*Id.*) Judge Bulsara also directed Counsel to serve copies of the July 2023 Order on Plaintiff and file proof of service on the docket by July 12, 2023, which Counsel did. (*Id.*; Aff. of Service, Docket Entry No. 27.) No replacement counsel filed an appearance on the docket, and Plaintiff did not inform the Court whether he intended to prosecute the action or whether he wished to proceed *pro se*.

On September 20, 2023, Judge Bulsara scheduled a status conference for November 1, 2023. (Scheduling Order dated Sept. 20, 2023.) Notice of the status conference was mailed to Plaintiff but was returned as undeliverable. (Defs.' Letter Regarding Mailing of Scheduling Order, Docket Entry No. 29.) Plaintiff did not appear at the November 1, 2023 conference, and on November 2, 2023, Judge Bulsara ordered Plaintiff to show cause in writing by December 1, 2023 as to why he failed to appear at the status conference and to provide updated contact information to the *pro se* office (the "November 2023 Order"). (Order to Show Cause dated Nov. 2, 2023.) Judge Bulsara also scheduled another status conference for January 23, 2024. (*Id.*) A copy of the November 2023 Order was mailed to Plaintiff and was returned as undeliverable. (Returned Notice, Docket Entry No. 31.)

Plaintiff did not appear at the January 23, 2024 conference, and Judge Bulsara again directed Plaintiff to show cause in writing by February 6, 2024 as to why he failed to appear at the status conference, directed him to provide updated contact information to the *pro se* office, and informed Plaintiff that should he fail to respond to the Court, his case may be subject to dismissal (the "January 2024 Order"). (Order to Show Cause dated Jan. 23, 2024.) A copy of the January 2024 Order was mailed to Plaintiff on January 24, 2024. (Aff. of Service, Docket Entry No. 32.) Plaintiff has not filed any letters with the Court or otherwise responded to the November 2023 or January 2024 Orders. On April 23, 2024, Judge Bulsara issued the R&R, recommending that the Court dismiss the action for failure to abide by court orders and failure to prosecute. (R&R.)

No objections to the R&R have been filed and the time for doing so has passed.

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision."  *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has 'adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv. (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and

4

[r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

### III. Conclusion

The Court dismisses this action for failure to abide by court orders and failure to prosecute.  The Clerk of Court is directed to close this case.

Dated: July 19, 2024
      Brooklyn, New York

                            SO ORDERED:

                            _____s/ MKB_____
                            MARGO K. BRODIE
                            United States District Judge